# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| Hampton Hall, LLC, | Civil Action No. 9:17-1575-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | |
| Defendants. | |

This matter is before the Court on Defendants' motion for partial summary judgment. For the reasons set forth below, the Court grants the motion.

## I. Background

Defendant Chapman Coyle Chapman & Associates Architects, AIA ("Chapman") was responsible for the design and oversight of the construction of the Hampton Hall Development amenity facilities, including a gold house, sports center, and community clubhouse. Defendant Choate Construction Company was the general contractor. Plaintiff alleges the construction of the community clubhouse was defective and asserts claims for breach of contract, breach of warranty, negligence, gross negligence, and breach of express and implied warranties.

The community clubhouse was designed and constructed in 2006 and 2007. Plaintiff alleges there was a failure of the truss members in the community clubhouse mezzanine roof over an activity room with a vaulted ceiling and skylight. Plaintiff alleges the truss assemblies failed in March 2007—before completion of the community clubhouse—and again in 2009. Remedial work was performed in 2009 or 2010 but the truss members allegedly remained deficient.

Plaintiff filed the present action on May 12, 2017. Defendants move for partial summary judgment, asserting that the applicable eight-year statute of repose, S.C. Code § 15-3-640, bars Plaintiff's claims, because the structure was substantially completed in 2007. Plaintiff responds that the building permit did not include a statutorily required notice of the statute of repose, that claims for gross negligence is not barred by the statute of repose, and that the statute of repose has not yet accrued because the structure is not yet substantially completed.

## II. Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

South Carolina Code § 15-3-640 provides that "[n]o actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than eight years after substantial completion of the improvement." The statute of repose is not subject to tolling. *See Holly Woods Ass'n of Residence Owners v. Hiller*, 708 S.E.2d 787, 793 (S.C. Ct. App. 2011). The statute also provides that a certificate of occupancy "shall constitute proof of substantial completion" unless the parties agree in writing on a different date. S.C. Code § 15-3-640. The certificate of occupancy issued on September 13, 2007. (Dkt. No. 20-2.) Defendants argue the parties agreed on the earlier date of July 20, 2007, based on a certificate of substantial completion signed by all parties. (Dkt. No. 20-1.) In this case, however, the difference between July and September 2007 is immaterial to the statue of repose. This action was filed in May 2017, more than nine years after July or September 2007.

Plaintiff argues the statute of repose does not bar its claims for four reasons. For the reasons set forth below, Plaintiff's arguments regarding the date of substantial completion, statutory notice requirements, and warranty claims fail. Plaintiff's gross negligence claims, however, are not barred by the statute of repose.

#### A. Date of substantial completion

Plaintiff argues substantial completion has not yet occurred, and so the statute of repose has not accrued. That argument is without merit. Plaintiff does not dispute that its representative signed on behalf of Plaintiff, the statement, "The Owner [Hampton Hall] accepts the Work or designated portion as substantially complete and will assume full possession at 8:00 a.m. on July 20, 2017." (Dkt. No. 20-1.) Further, the statute provides that in the absence of a written agreement that establishes a different date, the date of the certificate of occupancy is proof of substantial completion. S.C. Code § 15-3-640. Plaintiff does not dispute that the certificate of occupancy

issued on September 13, 2007, nor does Plaintiff claim the parties agreed on a later date of substantial completion.

Plaintiff instead argues the parties agreed on a definition of substantial completion, "the stage in the progress of the Work when the Work or designated portion is sufficiently complete . . . so that the Owner can occupy or utilize the Work for its intended use" (Dkt. No. 20-1), that means substantial completion has not occurred because the structure is allegedly unsafe for use. According to Plaintiff, the statute of repose accrues only when the structure is safe for its intended use. That argument is unavailing. The statute of repose specifically limits actions "arising out of the . . . *unsafe* condition of an improvement to real property." S.C. Code § 15-3-640 (emphasis added). It would be illogical to read that statute as not accruing until the condition of the property has been rendered safe. To the extent Plaintiff argues Defendants implicitly agreed on a later date, the argument fails because the record conclusively shows Plaintiff and Defendants explicitly agreed the structure was substantially complete in July 2007.

Plaintiff also argues the failed remedial work done in 2009 restarts the accrual of the statute of repose. Plaintiff however cites no authority for the proposition that an effort to repair a building defect resets the statute of repose regarding claims arising from the building's original construction.[1] Certainly, negligence claims for work performed in 2009 are not yet barred by the statute of repose. But Plaintiff does not allege any negligence for work performed in 2009.

---

[1] Plaintiff relies on *Ocean Winds Corp. of Johns Island v. Lane*, 556 S.E.2d 377 (S.C. 2001), but that case is completely inapposite. In *Ocean Winds*, the South Carolina Supreme Court held that a window installation in a condominium development was substantially completed when the windows were installed, which was four-and-a-half years before a certificate of occupancy was issued for the larger project. The case cannot be read to mean that a building is not substantially complete even after a certificate of occupancy is issued.

Instead, Plaintiff alleges the building architect created a defective design, and that the general contractor built a defective building, in 2006 and 2007.

The Court therefore finds no genuine dispute that the community clubhouse was substantially complete in 2007.

**B.    Lack of notice**

Plaintiff also argues the building permit lacked the bold-type notice of the statute of repose required by S.C. § 15-3-640. That argument is without merit. The building permit was issued by Beaufort County municipal officials, not Defendants. *See* S.C. Code § 5-25-310. If Plaintiff believes those officials injured Plaintiff by violating a statutory requirement to provide notice of a statute of repose, Plaintiff should seek remedy from Beaufort County. Plaintiff cites no authority for the proposition that a county building inspector may unilaterally waive a builder's ability to assert the statute of repose as a defense to liability.

**C.    Warranty claim**

Finally, Plaintiff argues "express and implied warranty claims are not foreclosed under the Statue of Repose." (Dkt. No. 21 at 8.) The statutory text, however, applies to all actions "based upon or arising out of the defective or unsafe condition of an improvement to real property." S.C. Code § 15-3-640. Plaintiff's warranty claims plainly arise out of the allegedly defective or unsafe condition of the community clubhouse. The statute does provide that parties may agree to express warranties beyond the eight-year period of repose, but Plaintiff has not alleged the existence any express warranty extending the warranty period beyond the statute of repose. Plaintiff's warranty claims, therefore, are barred by the statute of repose.

**D.    Gross negligence**

Plaintiff also argues the statute of repose does not apply to gross negligence claims. *See* S.C. Code § 15-3-670(A) (providing that the statute of repose is not available as a defense to claims

-5-

of fraud, gross negligence, or recklessness). In reply, Defendants concede the inapplicability of the statute of repose to such claims, but argue Plaintiff cannot make a *prima facie* case for gross negligence. That, however, is a new argument not asserted in the motion for partial summary judgment. New arguments ordinarily cannot be raised in reply briefs. *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006))). The Court therefore does not construe the motion for partial summary judgment as applying to gross negligence claims, and declines to consider at this time arguments for summary judgment as to those claims.[2] Moreover, discovery is not scheduled to close until April 9, 2018, so it would be premature to consider whether Plaintiff has evidence creating a genuine issue of material fact regarding the elements of gross negligence. Defendants may move for summary judgment as to Plaintiff's gross negligence claims after the close of discovery.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Court **GRANTS** Defendants' motion for partial summary judgment as to all claims except for Plaintiff's claim in gross negligence.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

December 27, 2017
Charleston, South Carolina

---

[2] Defendants also argue that Plaintiff argues the statute of repose should not apply because of potential fraudulent conduct. Defendants seek summary judgment on fraud claims because Plaintiff did not allege fraud. Not only did Plaintiff not allege fraud, Plaintiff did not argue the statute of repose is inapplicable because of fraud. (*See* Dkt. No. 21 at 7.) The Court therefore declines to consider Defendants' arguments regarding fraud.