| | |
|---|---|
| Hampton Hall, LLC, | Civil Action No. 9:17-cv-575-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion to reconsider the Court grant of partial summary judgment for Defendants. For the reasons set forth below, the Court grants in part and denies in part the motion.

### I. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e)

provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

## II. Discussion

Defendant Chapman Coyle Chapman & Associates Architects, AIA ("Chapman") was responsible for the design and oversight of the construction of the Hampton Hall Development amenity facilities, including a golf house, sports center, and community clubhouse. Defendant Choate Construction Company was the general contractor. Plaintiff alleges the construction of the community clubhouse was defective and asserts claims for breach of contract, breach of warranty, negligence, gross negligence, and breach of express and implied warranties.

The community clubhouse was designed and constructed in 2006 and 2007. Plaintiff alleges there was a failure of the truss members in the community clubhouse mezzanine roof over an activity room with a vaulted ceiling and skylight. Plaintiff alleges the truss assemblies failed in March 2007—before completion of the community clubhouse—and again in 2009. Remedial work was performed in 2009 or 2010 but the truss members allegedly remained deficient. Plaintiff also asserts that there were defects in stucco over parapet walls.

Plaintiff filed the present action on May 12, 2017. Defendants moved for partial summary judgment, asserting that the applicable eight-year statute of repose, South Carolina Code § 15-3-640, bars Plaintiff's claims, because the structure was substantially completed in 2007. Plaintiff responded that the building permit did not include a statutorily required notice of the statute of repose, that claims for gross negligence are not barred by the statute of repose because South Carolina Code § 15-3-670 specifically provides that the statute of repose is not a defense to such claims, and that the statute of repose had not yet accrued because the structure was not yet substantially completed. On December 27, 2017, the Court granted summary judgment for

-2-

Defendants on all claims except gross negligence. On January 23, 2018, Plaintiff moved for reconsideration on several bases.

First, Plaintiff argues the golf house was mistakenly referred as the "gold house" on page one of the order granting partial summary judgment. The Court agrees and amends page one of its order of December 27, 2017 to replace "gold house" with "golf house."

Second, Plaintiff repeats its argument that substantial completion never occurred because the construction was in violation of applicable building codes. To the extent Plaintiff argues an uncorrected building code violation means substantial completion cannot have occurred, its argument is without merit. No authority suggests defects that violate a building code are exempted from the statute of repose governing claims for defective construction. To the contrary, South Carolina Code § 15-3-670(B) provides, "the violation of a building code of a jurisdiction or political subdivision does not constitute per se fraud, gross negligence, or recklessness" for purposes of the gross negligence, recklessness, fraud, or concealment exception to the statute of repose.

Third, Plaintiff argues the parties agreed to use a substantial completion date other than the date of the certificate of occupancy, based on the following contract language:

> All Work, including the filing of papers and reports required to secure Certificate of Occupancy (and/or Certificates of Completion and Building Department "sign offs") and customary evidence of legal compliance and insurance rating approvals, if required, shall be the obligation of Contractor, the completion of which is a **condition precedent** to the **achievement** of Substantial Completion. [Emphasis added.]

(Dkt. No. 28 at 3 (emphasis in original).) That argument is entirely without merit. The contract language plainly provides that an *application for* a certificate of occupancy, not the issuance of a certificate of occupancy, is a condition precedent of substantial completion. Further, the same contract provides,

> 9.8.4 When the Work or designated portion thereof is substantially complete, the Architect will prepare a Certificate of Substantial Completion which shall establish the date of Substantial Completion, shall establish responsibilities of the Owner and Contractor for security, maintenance, heat, utilities, damage to the Work and insurance, and shall fix the time within which the Contractor shall finish all items on the list accompanying the Certificate. Warranties required by the Contract Documents shall commence on the date of Substantial Completion of the Work or designated portion thereof unless otherwise provided in the Certificate of Substantial

That is exactly what happened. Plaintiff signed an architect-prepared certificate of substantial completion establishing July 20, 2007 as the date of substantial completion for the clubhouse. (Dkt. No. 20-1.)

Fourth, Plaintiff argues the Court focused on truss issues with the community clubhouse to the neglect of code violations regarding stucco over parapet walls in the clubhouse and other buildings. It is true that the documents establishing the date of substantial completion on their face pertain only to the community clubhouse. Discovery is still open and newly discovered evidence is a proper basis for a motion to reconsider. *Pac. Ins. Co.*, 148 F.3d at 403. If Plaintiff discovers a certificate of substantial completion for another building in the project dated within eight years of the filing of the present action, Plaintiff may move for reconsideration as to that building.

Fifth, Plaintiff argues certain warranties referenced in contract documents have not yet been discovered. Express warranties may extend the period for filing claims beyond the statute of repose. S.C. Code § 15-3-640 ("Nothing in this section prohibits a person from entering into a contractual agreement prior to the substantial completion of the improvement which extends any guarantee of a structure or component being free from defective or unsafe conditions beyond eight years after substantial completion of the improvement or component."). Again, discovery is still open and newly discovered evidence is a proper basis for a motion to reconsider. If Plaintiff discovers a relevant express warranty, Plaintiff may move for reconsideration as to breach of warranty claims pertaining to the newly discovered warranty.

-4-

Sixth, Plaintiff argues that if it can show Defendants committed gross negligence or fraud, or concealed the existence of a cause of action, then the statute of repose is not a defense available to Defendants and so any applicable cause of action may be asserted. S.C. Code § 15-3-670 provides, in relevant part,

> The limitations provided by Sections 15-3-640 through 15-3-660 are not available as a defense to a person guilty of fraud, gross negligence, or recklessness in providing components in furnishing materials, in developing real property, in performing or furnishing the design, plans, specifications, surveying, planning, supervision, testing or observation of construction, construction of, or land surveying, in connection with such an improvement, or to a person who conceals any such cause of action.

In opposition to partial summary judgment, Plaintiff argued the statute of repose is unavailable as a defense because of the "fact that the trusses in the Community Clubhouse were questioned in 2006—claimed adequate then, but failed in 2007 and subsequently failed in 2009, are evidence of gross negligence." (Dkt. No. 21 at 6–7.) The Court agreed with Plaintiff and ruled the statute of repose does not bar gross negligence claims regarding the trusses.

If Plaintiff proves gross negligence, then Plaintiff can obtain complete recovery under that cause of action. Thus, Plaintiff's argument that the existence of gross negligence, fraud, or concealment allows simple negligence claims or other, otherwise-barred causes of action appears to pertain to concealment by a defendant of the existence of a cause of action. The Court agrees with Plaintiff's interpretation of the statute of repose as to concealment. If Defendants were negligent (but not grossly negligent) and concealed that negligence from Plaintiff, then they cannot assert the statute of repose as a defense. *See In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, MDL No. 8:11-mn-2000-JMC, slip op. at 8 (D.S.C. Mar. 27, 2013), ECF 34 ("[Section] 15-3-670 renders the statute of repose defense unavailable to those who have fraudulently concealed a plaintiff's cause of action.").

.

The problem with Plaintiff's argument is factual, not legal. Plaintiff itself asserts that the clubhouse truss members failed in March 2007—before Plaintiff signed the certificate of substantial completion. (Dkt. No. 21 at 1.) Plaintiff further asserts that truss member failure was again detected in 2009. Regarding that failure, Plaintiff asserts, "Chapman and Choate representatives analyzed and determined that remedial repairs were necessary and repairs were performed as part of their original work for the Plaintiff." (*Id.* at 3.) Those assertions are simply incompatible with an assertion that Defendants Chapman and Choate concealed the defects. Unsurprisingly, given those assertions, Plaintiff never argued that Defendants concealed actionable defects from Plaintiff in its opposition to Defendants' motion for partial summary judgment.

Finally, Plaintiff asks for "an extension of deadlines in the Scheduling Order." (Dkt. No. 28.) If Plaintiff seeks an extension of deadlines, it should file a separate motion identifying what deadline Plaintiff seeks to extend, stating the length of the requested extension

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to reconsider. The Court **GRANTS** Plaintiff's motion to reconsider insofar as page one of the Court's order of December 27, 2017 is amended to replace "gold house" with "golf house." The motion to reconsider is otherwise **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February _1_, 2018
Charleston, South Carolina