IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Hampton Hall, LLC, | ) | Civil Action No. 9:17-1575-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | ) | |
| Defendants, | ) | |
| v. | ) | |
| Choate Construction Company, | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| ABG Caulking Constractors, Inc., *et al.*, | ) | |
| Third-Party Defendants. | ) | |

This matter is before the Court on Third-Party Defendant Southern Roof and Wood Care Corporation's ("Southern Roof") motion for partial summary judgment. For the reasons set forth below, the Court grants the motion in part and denies it in part.

I. **Background**

Defendant Chapman Coyle Chapman & Associates Architects, AIA was responsible for the design and oversight of the construction of the Hampton Hall Development amenity facilities, including a golf clubhouse, sports center, and community clubhouse. Defendant Choate Construction Company was the general contractor. Plaintiff filed the present action on May 12, 2017, alleging defective construction and asserting claims for breach of contract, breach of

warranty, negligence, gross negligence, and breach of express and implied warranties. On February 2, 2018, the Court ruled that all claims relating to the community clubhouse, except gross negligence claims, are barred by the eight-year South Carolina statute of repose for construction defect claims (S.C. Code § 15-3-640) because the community clubhouse was substantially completed in 2007. (Dkt. No. 36.) The golf clubhouse was substantially completed on May 17, 2004. Before July 1, 2005, the applicable statute of repose was thirteen years. Thus, the present action was filed five days before the lapse of the period of repose as to the golf clubhouse.

On February 14, 2018, Choate filed a third-party complaint against several of its subcontractors involved with the construction at issue. The third-party complaint asserts claims for negligence, gross negligence, breach of warranty, breach of contract, indemnification, strict products liability, and "apportionment of damages" against the subcontractors. Southern Roof has moved for summary judgment on all claims relating to the golf clubhouse and community clubhouse, arguing claims other than gross negligence claims are barred by the statute of repose and that Choate has not set forth a *prima facie* case for gross negligence.

## II. Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of

demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

### A. Statute of Repose

South Carolina Code § 15-3-640 provides that "[n]o actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than eight years after substantial completion of the improvement." The statute of repose is not subject to tolling. *See Holly Woods Ass'n of Residence Owners v. Hiller*, 708 S.E.2d 787, 793 (S.C. Ct. App. 2011). The statute also provides that a certificate of occupancy "shall constitute proof of substantial completion" unless the parties agree in writing on a different date. S.C. Code § 15-3-640.

Choate concedes its claims against Southern Roof (other than for gross negligence) regarding the community clubhouse are barred by the statute of repose, but argues the statute of repose does not bar its claims against Southern Roof regarding the golf clubhouse for two reasons. First, Choate argues its third-party complaint included in its answer to Plaintiff's amended complaint should relate back to the original complaint filed in this action. Alternatively, Choate argues the statute of repose should be tolled.

Both arguments are without merit. The statute of repose cannot be tolled—that is the point of a statute of repose. *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) ("One central distinction between statutes of limitations and statutes of repose underscores their differing purposes. Statutes of limitations, but not statutes of repose, are subject to equitable tolling . . . ."); *Columbia/CSA-HS Greater Columbia Healthcare Sys., LP v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 769 S.E.2d 847, 848 (S.C. 2015). The doctrine of "relation back" allows amended pleadings to "relate back" to the date of the original pleading. Fed. R. Civ. P. 15(c)(1). As Choate concedes, its third-party complaint is not an amended pleading. Choate cites no authority holding that a third-party complaint relates back to the date of a pleading filed by an adverse party.

Plaintiff served Choate on May 17, 2017, the day the statute of repose lapsed. The statute of repose thus barred Choate's third-party action even before Choate's right to bring it accrued. Choate argues that result is unfair, an argument the South Carolina Supreme Court has addressed:

> We find [Plaintiff's] action is time-barred by the thirteen year time-period set forth in § 15–3–640(6). However, we are troubled by the harsh result in the case. As [Plaintiff] correctly points out, where a lawsuit is filed on the eve of the running of the statute of repose, but is not resolved until after the statute has run, the contribution action will be barred before the right has even accrued, placing an undue burden on a single tortfeasor. . . . However, although we are troubled by this result, we are not at liberty to rewrite the statutes, and any amendment must come from the Legislature.

*Capco of Summerville, Inc. v. J.H. Gayle Const. Co.*, 628 S.E.2d 38, 42 (S.C. 2006). *Capco* involved a general contractor's post-settlement action for contribution, but the reasoning applies equally to Choate's pre-judgment third-party complaint for indemnification.

The Court therefore holds that all claims against Southern Roof relating to the community clubhouse or the golf clubhouse, other than claims for gross negligence, are barred by the statute of repose.

**B.     Gross negligence**

Southern Roof argues Choate cannot make a *prima facie* case for gross negligence because evidence of a building code violation is not gross negligence per se and because a certificate of occupancy would not have issued had Southern Roof been grossly negligent. It is true that evidence of a building code violation is not gross negligence *per se*, but it can be evidence of gross negligence, and evidence is sufficient to create a genuine dispute of material fact. The Court finds no merit in the argument that issuance of a certificate of occupancy as a matter of law relieves construction subcontractors of any possibility of liability for gross negligence that results in latent defects. In the only case cited in support of that argument, Judge Joseph F. Anderson held that a product manufacturer could not be held to be grossly negligent where the plaintiffs did not contest that the product in question had satisfied all applicable government- and industry-standard testing. *S.C. Dep't of Mental Health v. Hoover Universal, Inc.*, No. CA 3:03-4118-JFA, 2006 WL 6463481, at *2 (D.S.C. Mar. 6, 2006). Those facts are distinct from the facts of the present case.

Southern Roof also argues in its reply brief that there is no evidence that it was involved with any of the defects discussed in Plaintiff's expert reports. Choate has not had an opportunity to respond to that argument, but the Court's review of the record shows at least some evidence that defects identified by Plaintiff's experts. Plaintiff's expert Lawrence Elkin's report states,

> Water damage is present below gable vents in each building due to a lack of proper flashing. A review of the original plans revealed that no flashing is specified for the gable vents. The lack of flashing resulted in moisture intrusion into the building envelope and is a building code violation.

(Dkt. No. 34-3 ¶ 9(b).)

The third-party complaint alleges, "Southern Roof provided services and products relating to the roofing system of the Facilities" and "manufactured and/or supplied roofing materials and flashing necessary for a Built-up roofing system during the construction and/or repair of the Facilities."

(Dkt. No. 38 ¶¶ 75, 110.) Southern Roof admits it provided materials and services related to the roofing system of the golf clubhouse and community clubhouse. (Dkt. No. 61 ¶ 75, 110.) Southern Roof provides a subcontract agreement between itself as contractor and "Atlantic Best roofing" as subcontractor that states, "A complete weather-tight installation is mandatory. Institute details/standards for high wind zones and all metal flashings to be installed per SMACNA details." (Dkt. No. 61-1.) That is evidence that Southern Roof was responsible for flashing regarding the roofing system, which was identified as defective in Plaintiff's expert report. Hence, the record does contain some evidence that work for which Southern Roof was responsible was defective. Whether the flashing installation was grossly negligent, and, if so, whether Southern Roof is responsible, are disputed questions of material fact. The Court therefore denies Southern Roof's motion as to claims for gross negligence.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Third-Party Defendant Southern Roof's motion for partial summary judgment (Dkt. No. 81).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 21, 2018
Charleston, South Carolina