# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Hampton Hall, LLC, | Civil Action No. 9:17-cv-1575-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | |
| Defendants, | |
| v. | |
| Choate Construction Company, | |
| Third-Party Plaintiff, | |
| v. | |
| ABG Caulking Contractors, Inc., *et al.*, | |
| Third-Party Defendants. | |
| Southern Roof and Wood Care Corp., | |
| Fourth-Party Plaintiff, | |
| v. | |
| Atlantic Best Roofing, Inc., | |
| Fourth-Party Defendants. | |

This matter is before the Court on Third-Party Defendant Reel Enterprises, Inc.'s partial motion to dismiss. For the reasons set forth below, the Court grants the motion.

## I. Background

Defendant Chapman Coyle Chapman & Associates Architects, AIA was responsible for the design and oversight of the construction of amenity facilities for Plaintiff Hampton Hall LLC, including a golf clubhouse, sports center, and community clubhouse. (Dkt. No. 1-1 at ¶ 3.) Defendant Choate Construction Company ("Choate") was the general contractor. (Dkt. No. 1-1 at ¶ 7.) Plaintiff filed the present action on May 12, 2017, alleging defective construction and asserting claims for breach of contract, negligence, gross negligence, and breach of express and implied warranties. (Dkt. No. 1-1.)

On February 14, 2018, Choate filed a third-party complaint against several of its subcontractors involved with the construction at issue, including Reel Enterprises, Inc. (Dkt. No. 38.) The third-party complaint asserts claims for negligence, gross negligence, breach of warranty, breach of contract, indemnification, strict products liability, and apportionment of damages against the subcontractors. (Dkt. No. 38.) Reel Enterprises Inc. ("Reel Enterprises") has moved to dismiss the claims of negligence, gross negligence, breach of warranty, breach of contract, strict products liability, and apportionment of damages. Reel Enterprises has not moved to dismiss Choate's claim for indemnification.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to

"assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

#### A. Claims for Negligence, Gross Negligence, Breach of Warranty, Breach of Contract and Strict Liability

Choate's third-party complaint alleges claims for negligence, gross negligence, breach of warranty, breach of contract and strict liability. Reel Enterprises argues that these claims are duplicative of Choate's claim for indemnification. (Dkt. No. 101-1 at 5.)

Under South Carolina law, a third-party plaintiff cannot proceed with claims that are merely disguised claims for equitable indemnity. The South Carolina Court of Appeals squarely addressed the issue in the pair of cases *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Clear View Const., LLC*, 413 S.C. 615, 776 S.E.2d 426 (Ct. App. 2015) and *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. Builders FirstSource-Se. Grp.*, 413 S.C. 630, 776 S.E.2d 434 (Ct. App. 2015) (the "*Stoneledge* cases"). In the *Stoneledge* cases, a homeowners' association sued a

general contractor and its subcontractors for construction defects. The general contractor filed cross claims against its subcontractors for negligence, breach of contract, and breach of warranty. *Stoneledge*, 413 S.C. at 619; *Stoneledge*, 413 S.C. at 634. Importantly, each of those claims were contingent on whether the plaintiff homeowners' association prevailed against the third-party plaintiff general contractor. *See, e.g., Stoneledge*, 413 S.C. at 636 ("If [Stoneledge's] allegations are true…[the third-party defendants] breached their express and/or implied warranties…."). The court noted that the plaintiffs "could not identify any damages…that did not arise exclusively from the claims" made by the plaintiff. *Stoneledge*, 413 S.C. at 636.

The Court of Appeals therefore ruled that the "cross-claims arose only when it faced potential liability for Stoneledge's damages and incurred fees and costs defending against Stoneledge's lawsuit. [The third-party plaintiff's] breach of contract and breach of warranty cross-claims are nothing more than claims for equitable indemnity." *Stoneledge*, 413 S.C. at 636. This Court has previously adopted the rational of the *Stoneledge* cases. *See Holland v. Hucks Pool Co., Inc.*, No. 4:15-CV-00141-RBH, 2016 WL 6157491, at *4 (D.S.C. Oct. 24, 2016) ("Here, as in *Stoneledge*, [the third-party plaintiff's] breach of contract/warranty crossclaim is not viable as a cause of action separate from its equitable indemnity crossclaim.").

The reasoning in *Stoneledge* applies here as well. The claims for negligence, gross negligence, breach of warranty, breach of contract and strict liability brought by Third-Party Plaintiff Choate are each dependent solely on the potential liability that may arise from Plaintiff Hampton Hall, LLC's claims against Choate, and Choate has identified no damages that arose separate from Plaintiff's claims. Most tellingly, as in the *Stoneledge* cases, each of Choate's causes of action include one of the following phrases indicating that they are contingent on Hampton Hall, LLC prevailing against Choate:

- "[i]f the allegations of Plaintiff's Complaint are proven to be true...";
- "[i]n the event the allegations of Plaintiff's Complaint are proven to be true...";
- "to the extent Plaintiff recovers against Choate...."

(Dkt. Nos. 38 ¶¶ 82, 86, 91, 119.)

Third-Party Plaintiff Choate further alleges that that it identified damages separate from its potential liability to Plaintiff by requesting "other relief as the Court deems just and proper" and actual damages from its breach of contract claim. (Dkt. No. 106 at 3.) This Court in *Holland v. Hucks Pool Co., Inc.*, No. 4:15-CV-00141-RBH, 2016 WL 6157491 (D.S.C. Oct. 24, 2016) explicitly held that asking for damages "to be determined by the trier of fact" was insufficient to identify separate damages, and therefore Choate's request for "other relief" does not save its claims. *Id. at *3*. Furthermore, Choate's alleged identification of "actual damages" from its breach of contract claim involves "the amount of any monies it has and/or will continue to incur investigating and defending the claims of Plaintiff, plus any monies it is adjudged to owe Plaintiff or which it pays Plaintiff in settlement...." (Dkt. Nos 38 ¶ 92.) In addition to this plainly not being independent of Choate's potential liabilities to Plaintiff, it is identical to the language used in Choate's cause of action for indemnification against Reel Enterprises, further negating any claim that Plaintiff identified separate damages. (Dkt. Nos 38 ¶ 101.)

Finally, Choate argues that this motion to dismiss is premature as Choate already served its initial written discovery requests and Plaintiff Hampton Hall's experts may uncover additional construction defects. (Dkt. No. 106 at 3.) Choate's cited cases do not support this argument, and instead stand for the straightforward proposition that a motion to dismiss should not be granted where a plaintiff raises plausible claims and discovery is warranted. *See Advance Nursing Corp. v. S.C. Hosp. Ass'n*, No. CV 6:16-00160-MGL, 2016 WL 6157490, at *6 (D.S.C. Oct. 24, 2016)

("the Court is of the opinion Plaintiff has raised *plausible claims* against Providence, and Providence's motion to dismiss is premature.... [T]he Court will deny Providence's motion to dismiss so the parties can move forward with discovery....") (emphasis added). That is not the case here where Choate does not state a plausible claim for negligence, gross negligence, breach of warranty, breach of contract or strict liability as they are duplicative of Choate's claim for equitable indemnification. Therefore, these claims are dismissed.

### B. Claim for Apportionment of Damages

Third-Party Defendant Reel Enterprises argues that Choate's apportionment claim must be dismissed as there is no cause of action for apportionment of damages under S.C. Code Ann. § 15-38-15. (Dkt. No. 101-1 at 11.) Reel Enterprises is correct. The South Carolina Supreme Court, noting considerable litigation on the issue, held that they "reject the argument that section 15-38-15(C) creates a standalone cause of action for apportionment of fault to a non-party." *Smith v. Tiffany*, 419 S.C. 548, 559, 799 S.E.2d 479, 485 (2017). This Court, in *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-CV-01300-JMC, 2016 WL 3027552, at *10 (D.S.C. May 27, 2016), similarly held that § 15-38-15 does not create a right of action against third-parties. *Id.* at *10 ("discerning the apparent intent of the South Carolina legislature based on the language of the SCCATA, this court cannot conclude that the legislature intended to create an apportionment cause of action."). Therefore, Choate's claim for apportionment of damages is dismissed.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Third-Party Defendant Reel Enterprise's Partial Motion to Dismiss. (Dkt. No. 101.)[1] **AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

July 19, 2018
Charleston, South Carolina

---

[1] Choate's claim for indemnification against Reel Enterprises remains.