# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Hampton Hall, LLC, | Civil Action No. 9:17-cv-1575-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | |
| Defendants, | |
| v. | |
| Choate Construction Company, | |
| Third-Party Plaintiff, | |
| v. | |
| ABG Caulking Contractors, Inc., *et al.*, | |
| Third-Party Defendants. | |
| Southern Roof and Wood Care Corp., | |
| Fourth-Party Plaintiff, | |
| v. | |
| Atlantic Best Roofing, Inc., | |
| Fourth-Party Defendants. | |

This matter is before the Court on Defendant Chapman Coyle Chapman & Associates Architects AIA, Inc.'s Motion for Summary Judgment (Dkt. No. 138) and Defendant Choate Construction Company's Motion for Summary Judgment (Dkt. No. 144). For the reasons set forth below, the Court grants in part and denies in part the motions.

I.  **Background**

Defendant Chapman Coyle Chapman & Associates Architects, AIA ("Chapman Coyle") was responsible for the design and oversight of the construction of amenity facilities for Plaintiff Hampton Hall LLC, including a golf clubhouse, fitness center,[1] and community clubhouse. (Dkt. No. 34 at ¶ 3.) Defendant Choate Construction Company ("Choate") was the general contractor. (Dkt. No. 34 at ¶ 7.) In January 16, 2009, David W. Smith, an attorney from the Toll Brothers, Inc.'s ("Toll Brothers") General Counsel's office, wrote a letter to Choate complaining of "a number of water leaks" in the community clubhouse at Hampton Hall. (Dkt. No. 138-5.) The letter asserted that Choate was "responsible for the[] damage[]" and that Toll Brothers had a "formal claim" arising for the issue. Notably, Mr. Smith wrote that they anticipated claims for "breach of contract and negligence...." (*Id.*) While Toll Brothers is not a formal party in this case, an affiliate of Toll Brothers, Toll SC, L.P., is part of the joint venture that ultimately changed its name to Hampton Hall, LLC, the Plaintiff here. (Dkt. Nos. 138-2 at 30; 138-3.) Defendant Choate responded to the letter on January 26, 2009, including an itemized summary of the water damage discovered and detailing remedial action. (Dkt. No. 138-6.)

An attorney for Toll Brothers, David A. Larkin, contacted Choate again on March 29, 2012. The letter claimed that there had been "numerous water intrusion issues" at "Club facilities" and asserted that the letter did not "waive any rights and remedies available to us" based in contract, law or equity. (Dkt. No. 138-7.) Choate replied on April 4, 2012, again disclaiming any responsibility, though noting that they saw that an "entire wall" of the golf clubhouse had been removed and replaced. (*Id.*) However, the letter stated that it was unclear what the "cause" of the damage was and they assumed it was "not due to water intrusion from above." (*Id.*) Choate

---

[1] Also called the "sports center."

offered to discuss the issues further. Additionally, Defendant Chapman submitted invoices showing that the Plaintiff paid third party contractors to repair the community clubhouse, golf clubhouse and fitness center during the same period. (Dkt. No. 138-9.) Repairs on the golf clubhouse occurred from June 7, 2010, to August 8, 2013, and repairs on the community clubhouse occurred from August 24, 2011, to December 16, 2013. (Dkt. No. 138-9.)

Plaintiff filed the present action on May 12, 2017, alleging defective construction and asserting claims for breach of contract, negligence, gross negligence, and breach of express and implied warranties. (Dkt. No. 1-1.) Plaintiff amended the complaint on January 30, 2018, adding a claim for contractual indemnity and additional factual allegations. (Dkt. No. 34.) On February 14, 2018, Choate filed a third-party complaint against several of its subcontractors involved with the construction at issue. (Dkt. No. 38.)

Defendants Chapman Coyle and Choate now move for summary judgment arguing that the case is barred by a three year statute of limitations. (Dkt. Nos. 138, 144.) Defendants argue that Plaintiff Hampton Hall was aware of their causes of action related to the community clubhouse, golf clubhouse and fitness center far more than three years prior to the filing of the Complaint. Plaintiff opposes Defendant Chapman Coyle's motion for summary judgment, arguing that they were unaware of the specific causes of action until more recently.[2] (Dkt. No. 145.)

II. **Legal Standard**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those

---

[2] Plaintiff did not file a response in opposition to Choate's motion. However, Choate's motion expressly incorporated Chapman Coyle's arguments. (Dkt. No. 144 at 2.)

facts." *Pulliam Inv. Co. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999))

### III. Discussion

South Carolina law governs the Plaintiff's claims in this case. The parties agree that Plaintiff's claims are subject to South Carolina's three year statute of limitations, as set forth in S.C. Code Ann. § 15-3-530. (Dkt. Nos. 138-1 at 4; 145 at 6.) However, under "the discovery rule, the statute of limitations only begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615, 616 (1997). Under South Carolina law, the "exercise of reasonable diligence" requires that the injured party "act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist." *Dean v.*

*Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645, 647 (1996). The date on which the discovery of a cause of action should have been made is an objective question. *Bayle v. S. Carolina Dep't of Transp.*, 344 S.C. 115, 542 S.E.2d 736, 740 (2001). Therefore, to the extent that there is no conflicting evidence regarding whether a claimant should have known that a cause of action existed, resolution of the question is appropriate at summary judgment. *See Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 338 – 340 (2000).

Plaintiff's causes of action relate to the three separate facilities, the community clubhouse, golf clubhouse and fitness center, and the facts related to potential discovery is different for each. Therefore, the Court discusses each separately below.[3]

### A. Community Clubhouse

As a preliminary matter, after this Court's order on March 12, 2018, regarding the statute of repose, the only remaining claim regarding the community clubhouse is the claim for gross negligence. (Dkt. No. 44.) Defendants argue that the Plaintiff was first aware of the claims regarding the community clubhouse on January 16, 2009, when David W. Smith, an attorney for Toll Brothers, wrote to Choate complaining of leaks and putting Choate on notice of a "formal claim" for anticipated "breach of contract and negligence claims." (*Id.*) Toll Brothers, notably was writing regarding the Hampton Hall community clubhouse, and their affiliated entity, Toll SC, L.P., is part of the joint venture that ultimately became Hampton Hall, LLC, the Plaintiff.

---

[3] Plaintiff argues that it would be premature to grant summary judgment because discovery is still open. However, summary judgment may be granted during discovery where there is no dispute of material fact. Furthermore, Discovery has been ongoing since 2017, and Plaintiff does not identify what additional information is required. Finally, newly discovered evidence is a proper basis for a motion for reconsideration. Therefore, to the extent that any party discovers evidence affecting this Court's order, they may move for reconsideration at that time.

Furthermore, the January 16, 2009, letter, written by an attorney, unambiguously states that the Plaintiff *is* aware of a potential claim for negligence. *See Watters v. Terminix Serv., Inc.*, 376 S.C. 632, 635, 658 S.E.2d 110, 112 (Ct. App. 2008) ("it seems an insurmountable hurdle for [the plaintiff] to delay the start of the statute of limitations after his attorney's...letter to Terminix referencing the moisture damage."). Plaintiff makes two arguments against beginning the statute of limitations in 2009. First, Plaintiff argues that there were extensive design and construction defects that it was unaware of at the time. (Dkt. No. 145 at 8.) However, "the fact that the injured party may not comprehend the full extent of the damage is immaterial." *Dean v. Ruscon Corp.*, 321 S.C. 360, 364 (1996). Instead, the time when the Plaintiff discovered the cause of action is determinative. It may be that there was additional defective construction that was unknown in 2009, yet the letter makes clear that the Plaintiff was aware of the cause of action.[4]

Second, Plaintiff argues that it was unaware that a cause of action existed against the architect, Chapman Coyle, drawing a distinction from their letter which was sent to Choate, the general contractor. However, once a plaintiff knows or should know of the cause of action, "under South Carolina law, the date when a plaintiff learns of a potential new defendant has absolutely no bearing on the timing of the statute of limitations." *Cline v. J.E. Faulkner Homes, Inc.*, 359 S.C. 367, 371, 597 S.E.2d 27, 29 (Ct. App. 2004) *citing Wiggins v. Edwards*, 314 S.C. 126, 128 (1994).

Therefore, there is no dispute of fact that Plaintiff was aware of its cause of action regarding the community clubhouse as of January 16, 2009, and the three year statute of limitations bars Plaintiff's remaining claim for gross negligence regarding the community clubhouse.

### B. Golf Clubhouse

---

[4] Plaintiff also focuses on the fact that destructive testing would have been required to discover the additional defects. However, Chapman Coyle presented undisputed evidence that at least some destructive testing took place at the community clubhouse no later than August 24, 2011, more than three years prior to the commencement of this action. (Dkt. No. 138-9 at 10.)

Defendants argue that Plaintiff was aware of their cause of action regarding the golf clubhouse on April 4, 2012, after Toll Brother sent a letter regarding "water intrusion" at "Club facilities" and Choate responded regarding an exterior wall being removed at the golf clubhouse. (Dkt. No. 138-7; 138-8.) Alternatively, Defendants argue that the statute of limitations began to run, at the latest, on August 8, 2013, after the last of sixteen invoices for repairs on the golf clubhouse. (Dkt. No. 138-9.) Defendants again argue that while the full extent of the damage may not have been known until later, Plaintiffs knew of their causes of action when they communicated regarding "water intrusion" at "Club facilities" and paid for repairs.

However, the facts surrounding when the Plaintiff learned of their potential causes of action regarding the golf clubhouse are in dispute. The Toll Brothers' March 29, 2012, letter merely mentions "water intrusion" at "Club facilities," and does not specify which facility. In its April 4, 2012, response, Choate represented to Hampton Hall that it was "not entirely sure" the "cause" of the damage to an exterior clubhouse wall, and represented that any water damage may have come from a "ruptured irrigation head" unrelated to the golf clubhouse construction. The invoices are similarly unhelpful to resolving the factual dispute. Unlike the community clubhouse, there was no destructive testing performed on the golf clubhouse, as the Plaintiff alleges would have been required, and many of the invoices either include limited details regarding the nature of the work or may be unrelated to design or construction defects (e.g., new carpeting and crown molding). (Dkt. No. 138-9.) While some of the invoices discuss water damage, Defendants have not submitted evidence showing that the limited damage should have put Plaintiff on notice of design or construction defects. Plaintiff further claims the defects were latent and undetectable without further testing and repairs. Therefore, while there is some limited evidence of Plaintiff's knowledge of water damage, the facts here are similar to other cases refusing to apply the statute

of limitations. *See Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co.*, LLC, No. 2015-000417, 2018 WL 4905772, at *4 (S.C. Ct. App. Oct. 10, 2018) (refusing to apply statute of limitations where some homeowners were aware of water intrusion, but defects were hidden and required destructive testing); *Centex Homes v. S.C. State Plastering, LLC*, No. 4:08-CV-2495-TLW, 2010 WL 2998519, at *3 (D.S.C. July 28, 2010) (denying motion for summary judgment where plaintiff knew of water intrusion but issue of fact remained when plaintiff should have known it was related to construction defects).

Therefore, issues of material fact remain regarding when Plaintiff Hampton Hall knew or should have known of construction defects at the golf clubhouse giving rise to its causes of action and summary judgment as to the golf clubhouse is denied.

### C. Fitness Center

Defendants have not submitted evidence showing that Plaintiff knew or should have known of construction defects at the Fitness Center. Again, the March 29, 2012, letter merely mentions "water intrusion" at "Club facilities," and does not specify which facility. Further, Defendants only submitted a single invoice that mentioned the fitness center, HH 3074, which simply lists "repair of club house and fitness center" without any additional detail.[5] (Dkt. No. 138-9 at 7.) These facts do not indicate that Hampton Hall knew or should have known of any causes of action or construction defects regarding the fitness center more than three years prior to the complaint, and Defendants motions for summary judgment as to the fitness center is denied.

### D. Equitable Estoppel

Plaintiffs argue Defendants should be equitably estopped from asserting a statute of limitations defense. *See Vines v. Self Mem'l Hosp.*, 443 S.E.2d 909, 911 (S.C. 1994) ("A defendant

---

[5] The other invoice Defendants claim references the fitness center, HH 3070, only mentions the golf clubhouse. (Dkt. No. 138-9 at 2.)

may be estopped from claiming a statute of limitations defense if the delay that otherwise would give operation to the statute has been induced by the defendant's conduct.") (internal quotation marks omitted). Estoppel requires "either an express representation that the claim will be settled without litigation or by conduct suggesting a lawsuit is unnecessary." *Id.* Plaintiff make an unsupported assertion that Chapman Coyle represented that trusses at the facilities were adequate in 2007. However, the January 16, 2009, letter demonstrates that Plaintiff knew of their causes of action regarding the community clubhouse after 2007, and Plaintiff points to no later actions inducing Plaintiff to delay filing suit. Therefore, equitable estoppel is not warranted.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Chapman Coyle Chapman & Associates Architects AIA, Inc.'s and Defendant Choate Construction Company's Motions for Summary Judgment (Dkt. Nos. 138; 144). The motions are **GRANTED** as to all claims regarding the community clubhouse. The motions are **DENIED** as to the remaining claims regarding the golf clubhouse and fitness center.

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

December 26, 2018
Charleston, South Carolina