# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Hampton Hall, LLC, | Civil Action No. 9:17-cv-1575-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | |
| Defendants, | |
| v. | |
| Choate Construction Company, | |
| Third-Party Plaintiff, | |
| v. | |
| ABG Caulking Contractors, Inc., *et al.*, | |
| Third-Party Defendants. | |
| Southern Roof and Wood Care Corp., | |
| Fourth-Party Plaintiff, | |
| v. | |
| Atlantic Best Roofing, Inc., | |
| Fourth-Party Defendants. | |

This matter is before the Court on Third-Party Defendant Southern Roof and Wood Care Corporation's ("Southern Roof") motion to compel (Dkt. No. 170). For the reasons set forth below, the Court grants the motion.

I. **Background**

Defendant Chapman Coyle Chapman & Associates Architects, AIA was responsible for the design and oversight of the construction of amenity facilities for Plaintiff Hampton Hall LLC, including a golf clubhouse, fitness center, and community clubhouse. (Dkt. No. 34 at ¶ 3.) Defendant Choate Construction Company ("Choate") was the general contractor. (Dkt. No. 34 at ¶ 7.) Plaintiff filed the present action on May 12, 2017. (Dkt. No. 1-1.) On February 14, 2018, Choate filed a third-party complaint against several of its subcontractors involved with the construction at issue, including Southern Roof.[1] (Dkt. No. 38.) Southern Roof now moves to compel discovery responses from Plaintiff Hampton Hall, arguing that Hampton Hall failed to substantively respond to either its interrogatories or requests for production. (Dkt. No. 170.) Plaintiff opposes the motion. (Dkt. No. 176.)

II. **Legal Standard**

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'") *quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The court "must limit the frequency or extent of discovery...if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

---

[1] The Court has issued five orders on dispositive motions in this case dismissing or granting summary judgment on some of the claims contained in the amended complaint and third-party complaint. (Dkt. Nos. 23, 36, 44, 95, 108, 173, 174.)

burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

## III. Discussion

Plaintiff Hampton Hall has clearly failed to comply with its discovery obligations here. Southern Roof first appeared in this case on March 14, 2018, one month after being named as a third-party defendant. (Dkt. No. 49.) On August 16, 2018, Southern Roof served Plaintiff with its first set of interrogatories and requests for production. (Dkt. Nos. 170-1; 170-2.) After the parties agreed that Hampton Hall would have an additional thirty days to respond to the discovery requests, Plaintiff sent its responses on October 22, 2018. (Dkt. Nos. 170-3; 170-4; 170-5.) The responses, however, include various deficiencies.[2]

First and foremost, Plaintiff failed to provide substantive responses to almost all of the interrogatories and requests for production. Instead of producing documents or identifying information, Plaintiff repeatedly "refer[red] to Plaintiff's Supplemental/Amended Answers to Federal Rule 26(a)(1) Disclosures," any amendments to the disclosure, and "all documents already produced and responses" from other parties in the case. (Dkt. No. 170-3 at 6 – 12; 170-4 at 6 – 12.) Southern Roof, however, was not a party to the case when the Rule 26(a)(1) disclosures were

---

[2] Southern Roof contacted Hampton Hall's four times between November 9, 2018, and December 18, 2018, to request that supplemental responses to cure the alleged deficiencies. (Dkt. No. 170-6.) The parties agreed that Plaintiff would supplement its responses by December 14, 2018. (*Id.*) However, Southern Roof states that it received no response at that time. (Dkt. No. 170 at 2.)

served on March 7, 2018. (Dkt. No. 176 at 2.) Furthermore, Plaintiff's Second Supplemental Rule 26 Disclosures were only just completed and served concurrent with Plaintiff's responses here. (Dkt. No. 176-2.) Regardless of this recent disclosure, Plaintiff's responses are deficient. As a district court in the Fourth Circuit explained:

> Where a party validly chooses to respond by referencing records, he may not simply state that he has already produced the information. Rather, the responding party must specifically identify the documents to which an answer may be derived. If any information asked for in the requests is not contained in documents, Plaintiffs or the responding party must provide supplement[al] responses.

*Tucker v. Momentive Performance Materials USA, Inc.*, No. 2:13-CV-04480, 2016 WL 8252929, at *9 (S.D.W. Va. Nov. 23, 2016) (citations omitted). Plaintiff must follow this rule here as well. To the extent Plaintiff claims the documents or information was produced, Plaintiff must identify which documents it relies upon. To the extent additional relevant information is requested that Southern Roof does not yet have, Plaintiff must provide it.

Furthermore, Plaintiff makes repeated general objections to discovery requests.[3] To the extent Plaintiff asserts that a request is broad, vague, or burdensome, Plaintiff must identify particular facts to support those assertions. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilierplate objections that a request for discovery is 'over[broad] and unduly burdensome...' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts."). This is especially true after the 2015 Amendments to Rule 34(b)(2)(B), requiring that parties "state with specificity the grounds for objection to the request." *See Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("the responses...stating

---

[3] An example is an objection to Request Number 15 that the request is "is vague, overly broad, unduly burdensome, unlimited in scope, not related to the claims or defenses in this case and not limited in time." (Dkt. No. 170-4.) This is only one example, and Plaintiff's responses include multiple similar general objections. (Dkt. Nos. 170-3; 170-4.)

that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing.").

Therefore, as Plaintiff's responses are deficient and failed to comply with discovery rules, the Court will direct Plaintiff to revise its responses to Southern Roof's interrogatories and requests for production. To the extent Plaintiff has already produced the documents or information to Southern Roof, Plaintiff must identify what documents or information are responsive. To the extent Southern Roof requests documents or information that Plaintiff has not yet produced to Southern Roof, Plaintiff must provide the documents or information. The Court recognizes that Plaintiff may have valid objections to some of the interrogatories and requests, but Plaintiff must state these objections with specificity. The Parties should confer to the extent there are *bona fide* disputes over the scope of any of the interrogatories or requests.

Finally, The Court declines to award costs or attorneys' fees at this time. However, the parties are on notice that repeated failure to comply with clear rules regarding discovery and proper responses may result in such awards and other sanctions in the future.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Third-Party Defendant Southern Roof and Wood Care Corporation's Motion to Compel (Dkt. No. 170). **IT IS ORDERED THAT**, within ten (10) days of the date of this Order, Plaintiff Hampton Hall will serve amended responses to Southern Roof's document requests and interrogatories.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

December 28, 2018
Charleston, South Carolina