# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Hampton Hall, LLC, | Civil Action No. 9:17-cv-1575-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | |
| Defendants, | |
| v. | |
| Choate Construction Company, | |
| Third-Party Plaintiff, | |
| v. | |
| ABG Caulking Contractors, Inc., *et al.*, | |
| Third-Party Defendants. | |
| Southern Roof and Wood Care Corp., | |
| Fourth-Party Plaintiff, | |
| v. | |
| Atlantic Best Roofing, Inc., | |
| Fourth-Party Defendants. | |

This matter is before the Court on Defendant/Third-Party Plaintiff Choate Construction Company's ("Choate") motion to compel (Dkt. No. 215). For the reasons set forth below, the Court grants in part and denies in part the motion.

I.   **Background**

Defendant Chapman Coyle Chapman & Associates Architects, AIA was responsible for the design and oversight of the construction of amenity facilities for Plaintiff Hampton Hall LLC, including a golf clubhouse, fitness center, and community clubhouse. (Dkt. No. 34 at ¶ 3.) Defendant Choate Construction Company ("Choate") was the general contractor. (Dkt. No. 34 at ¶ 7.) Plaintiff filed the present action on May 12, 2017. (Dkt. No. 1-1.) On February 14, 2018, Choate filed a third-party complaint against several of its subcontractors involved with the construction at issue.[1] (Dkt. No. 38.) Choate now moves to compel discovery from Plaintiff Hampton Hall, arguing that Hampton Hall has withheld existing documents responsive to Choate's document requests that are allegedly in the possession of closely related entities. (Dkt. No. 215.) Choate also seeks an order compelling production of maintenance budgets and documents regarding Hampton Hall's reserve fund. (*Id.*) Hampton Hall opposes the motion. (Dkt. No. 223.) Choate filed a reply. (Dkt. No. 234.)

II.  **Legal Standard**

Parties to a civil litigation may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense" so long as the information is "proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). The scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop her case. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (noting that "the discovery rules are given 'a broad and liberal treatment'") *quoting Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The court "must limit the

---

[1] The Court has issued five orders on dispositive motions in this case dismissing or granting summary judgment on some of the claims contained in the amended complaint and third-party complaint. (Dkt. Nos. 23, 36, 44, 95, 108, 173, 174.)

frequency or extent of discovery...if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have broad discretion in [their] resolution of discovery problems arising in cases before [them].") (internal quotation marks omitted). To enforce the provisions of Rule 26, under Federal Rule of Civil Procedure 37, a "party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

### III. Discussion

Federal Rule of Civil Procedure 34 permits a party to request documents under a responding party's "possession, custody, or control[.]" Fed. R. Civ. P. 34(a). "Control does not require legal ownership or actual physical possession of documents at issue; rather 'documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action.'" *Grayson v. Cathcart*, No. 2:07-00593-DCN, 2013 WL 1401617, at *3 (D.S.C. Apr. 8, 2013) (citations omitted).

Importantly, the "specific form of the corporate relative involved does not matter, *i.e.*, whether it is a parent, sister, or subsidiary corporation." *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006). Instead, courts look at a variety of factors to determine whether a party has control over documents that are in the possession of a nonparty. *Id.* Important factors include: corporate structure of party/non-party; non-party's connection to transaction at issue in litigation; degree that non-party will benefit from outcome of case; whether related entities exchange documents in ordinary course of business; whether non-party has

participated in litigation; common relationships between party and its related non-party entity; ownership of non-party; overlap of directors, officers, and employees; financial relationship between entities; relationship of parent corporation to underlying litigation; and agreements among entities. *See E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012) *citing Steele Software Sys., Corp.*, 237 F.R.D. at 564.

The record evidence demonstrates that Toll Brothers, a construction company, created a variety of subsidiaries to be involved in the development and management and Hampton Hall. Specifically, Toll SC, L.P.[2] is one of two partners that make up Hampton Hall. (Dkt. No. 223-1 at 6.) Toll SCLP was involved in building the amenities at Hampton Hall. (*Id.* at 4.) Further, the overlaying homeowners' association ("HOA") at Hampton Hall, the Club, created a financial subset, Toll Golf, to deal with all related golf related expenses. (*Id.* at 14.) While generally expenses between Hampton Hall HOA and Toll Golf are kept separate, approximately five percent of the expenses overlap. (*Id.*) Further, Toll Golf works for the Club, Hampton Hall's HOA. (*Id.*) Most importantly, Hampton Hall is the owner of Toll Golf. (*Id.*)

The documents of Toll SCLP and Toll Golf clearly fall under the "control" of Plaintiff Hampton Hall. Toll SCLP is a member of Hampton Hall and was involved in the amenity building project, and therefore have a close corporate structure, are connected to the construction at issue in this litigation, likely will be affected by the outcome of this litigation and have a common and longstanding relationship directly connected to the buildings at issue in the litigation. Further, representations related to other pleadings in this case demonstrate that Hampton Hall is able to obtain documents from Toll related entities. (Dkt No. 224 at 3.) Documents in the possession of Toll Golf are also clearly under the control of Hampton Hall. In addition to owning Toll Golf,

---

[2] Toll SC, L.P. seems to be made up of two entities: Toll SC LP Corporation, the general partner, and Toll Southeast LP Company, Inc., a limited partner. (Dkt. No. 234-3 at ¶¶ 1 – 2.)

they regularly share documents, manage the same development, and were solely created as a financial subset to handle golf operations. Finally, as the golf clubhouse is at issue in the litigation, Toll Golf is connected to the litigation and likely will be affected by this litigation's outcome. Therefore, Hampton Hall must produce the documents retained by Toll SC, L.P. and Toll Golf that are responsive to Choate's document requests.

Choate, however, has made no showing that documents possessed by Toll Architecture or Eastern States Engineering are effectively under the "control" of Hampton Hall or that Hampton Hall would have any practical ability to obtain the documents. The only information presented to the Court indicates that Toll Architecture and Eastern States Engineering are subsidiaries of Toll Brothers created to handle architecture and engineering on their construction projects. (Dkt. No. 223-1 at 10 – 12.) Eastern States Engineering handles engineering projects nationwide, and testimony indicates that Toll Architecture handles projects under 5,000 square feet. (*Id.*) Importantly, the record evidence indicates that Toll Architecture did not perform any architecture work at Hampton Hall. (*Id.* at 12.) The testimony also indicates that Eastern States Engineering may similarly have not performed any work at Hampton Hall. (*Id.*) Further, besides sharing a parent organization, the record evidence does not demonstrate any other corporate overlap or business relationship between the parties. Therefore, at this time, the Court cannot conclude that Hampton Hall effectively has "control" over documents retained by Toll Architecture and Eastern States Engineering. To the extent Choate seeks documents from those entities and cannot show the requisite "control," a subpoena is the proper vehicle to request the relevant documents.[3]

---

[3] Choate, in its reply, notes that it has previously served a subpoena on Toll Brothers, Inc. and received non-responsive objections from the same counsel representing Plaintiff Hampton Hall. Counsel indicated it was responding on behalf of Toll Brothers, Inc. Nothing in the reply indicated that Plaintiff Hampton Hall has control over Toll Brothers' documents. (Dkt. No. 234-17.) To the extent Hampton Hall and Toll Brothers cannot come to a good faith resolution of the subpoena, Hampton Hall may seek compliance with the subpoena through a motion to compel.

Choate further requested an order compelling documentation regarding Hampton Hall's maintenance budgets and the amount of capital in Hampton Hall's reserve fund. It is unclear to the Court whether these documents exist, but to the extent Hampton Hall has or had budgets, including if they are now retained by another entity on behalf of Hampton Hall, Hampton Hall is directed to produce those documents. Hampton Hall further responded that there is no remaining reserve fund. Nonetheless, to the extent documentation exists regarding a reserve fund, Hampton Hall is directed to produce the documents.

Finally, under Rule 37(a)(5), if a motion to compel is granted a court must award costs and attorneys' fees unless it finds the motion premature, the nondisclosure "substantially justified," or an award of expenses otherwise "unjust." At this time the Court declines to award costs and fees as Hampton Hall provided substantial justification for their initial nondisclosure based on the documents being in the possession of a non-party. However, now that the Court clarified Fed. R. Civ. P. 34(a)(1) regarding the requirement of producing documents under a parties' control, similar nondisclosures in the future may result in such awards and other sanctions.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Plaintiff Choate Construction Company's Motion to Compel (Dkt. No. 215). **IT IS ORDERED THAT**, within ten (10) days of the date of this Order, Plaintiff Hampton Hall will serve amended responses in compliance with this order.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

March 15, 2019
Charleston, South Carolina