IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Hampton Hall, LLC, | Civil Action No. 9:17-cv-1575-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Chapman Coyle Chapman & Associates Architects AIA, Inc., and Choate Construction Company, | |
| Defendants, | |
| v. | |
| Choate Construction Company, | |
| Third-Party Plaintiff, | |
| v. | |
| ABG Caulking Contractors, Inc., *et al.*, | |
| Third-Party Defendants. | |
| Southern Roof and Wood Care Corp., | |
| Fourth-Party Plaintiff, | |
| v. | |
| Atlantic Best Roofing, Inc., | |
| Fourth-Party Defendants. | |

This matter is before the Court on Plaintiff Hampton Hall, LLC's motion for alter or amend (Dkt. No. 195). For the reasons set forth below, the Court denies the motion.

I.  **Background**

1

In brief, Defendant Chapman Coyle Chapman & Associates Architects, AIA ("CCC") was responsible for the design and oversight of the construction of amenity facilities for Plaintiff Hampton Hall LLC, including a golf clubhouse, fitness center, and community clubhouse. (Dkt. No. 34 at ¶ 3.) Defendant Choate Construction Company ("Choate") was the general contractor. (Dkt. No. 34 at ¶ 7.) Plaintiff filed the present action on May 12, 2017. (Dkt. No. 1-1.) On February 14, 2018, Choate filed a third-party complaint against several of its subcontractors involved with the construction at issue.[1] (Dkt. No. 38.) On December 26, 2018, the Court granted summary judgment to Defendants CCC and Choate on all claims related to the community clubhouse, ruling that the statute of limitations barred Plaintiff's claims ("Court's Order"). (Dkt. No. 173.) Plaintiff has now moved for the Court to reconsider that Order, arguing that the Court's Order was a clear error of law and that newly produced evidence creates a dispute of material fact regarding when Plaintiff discovered their causes of action and whether equitable estoppel applies. (Dkt. No. 195.) Plaintiff also identifies at least one South Carolina case issued after the Court's Order discussing the discovery rule as applied to construction defects. (*Id.*) Defendants oppose the motion, and Plaintiff filed a reply. (Dkt. Nos. 200, 201, 205, 210.)

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins.*

---

[1] Third-Party Defendant Southern Roof and Wood Care Corp filed a fourth-party complaint against Atlantic Best Roofing, Inc. (Dkt. No. 63.)

2

*Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

### III. Discussion

As an initial matter, Plaintiff argues that its failure to file a response to Defendant Choate's motion for summary judgment (Dkt. No. 144), a motion joining Defendant CCC's motion (Dkt. No. 138), should be deemed excusable neglect permitting the Court to consider this motion to alter or amend. Plaintiff has submitted new evidence not previously available, produced on January 15, 2019, and identified a recently issued case from the South Carolina Court of Appeals that is relevant to the Court's inquiry. Therefore, regardless of the Plaintiff's failure to respond to one of two motions for summary judgment, the Court will address Plaintiff's motion.

Plaintiff argues that the Court misapplied the discovery rule when applying the statute of limitations. Under "the discovery rule, the statute of limitations only begins to run from the date the injured party either knows or should know, by the exercise of reasonable diligence, that a cause of action exists for the wrongful conduct." *True v. Monteith*, 327 S.C. 116, 489 S.E.2d 615, 616 (1997). Under South Carolina law, the "exercise of reasonable diligence" requires that the injured party "act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist." *Dean v. Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645, 647 (1996).

3

Plaintiff primarily focuses on the Court's determination that a January 16, 2009 letter from David W. Smith, an attorney at Toll Brothers, identifying "anticipated breach of contract and negligence claims" based on water leaks at the community clubhouse, demonstrated that Plaintiff was aware of its causes of action in 2009. (Dkt. No. 138-5; 173.) Plaintiff, however, has submitted new evidence demonstrating that Defendant Choate engaged in extensive repairs of the community clubhouse in 2009 and 2010 in response to the letter. Plaintiff submitted recently produced documents showing that Defendant Choate conducted repairs, waterproofing and discovered truss failures in 2009 and 2010. (Dkt. No. 195-1.) In December 2009, Choate engaged a company to perform thermal imaging to identify areas of unusual moisture and microbial conditions at the community clubhouse. (Dkt. No. 195-6.) An investigation and report conducted in March 2010 reviewed the repairs by Defendant Choate and concluded that there were "no residual issues or concerns of Hampton Hall Club" and noted that "Hampton Hall Club personnel expressed complete satisfaction regarding the repairs." (Dkt. No. 195-4.)

As these water intrusion and truss issues were repaired in 2009 and 2010, Plaintiff argues that it could not have discovered the more extensive underlying issues allowing water into the community clubhouse, such as the absence of a weep screed, until destructive testing was performed in 2017. (Dkt. No. 195 at 22 – 26.) In the alterative, Plaintiff argues that because Defendant Choate engaged in repairs, it is equitably estopped from asserting the statute of limitations as its 2009 and 2010 repairs induced Plaintiff to delay filing suit. (Dkt. No. 195 at 26.)

While the Court found that the January 16, 2009, letter began the statutory period, Plaintiff's arguments regarding repairs in 2009 and 2010 ignore the fact that, regardless of the 2009 letter, it is undisputed that Plaintiff knew of multiple additional instances of water intrusion

4

in 2011, 2012 and 2013. (Dkt. Nos. Dkt. No. 138-1 at 10; 138-9.)[2] Undisputed invoices demonstrate that in September 2011, Hampton Hall hired a roofing contractor for at least twenty-three hours of labor at the "Clubhouse" to conduct repairs on tile, metal flashings, and "install[] new double layer of 60mil water proofing membrane in affected areas." (Dkt. No. 138-9 at 23.) Further, while Plaintiff focuses on destructive testing in 2017, it is undisputed that as of August 2011, Plaintiff engaged a roofing contractor to perform "[d]estructive testing of tile roof at valley/wall transition above left of main entry." (*Id.* at 18.) These undisputed invoices for repairs at the community clubhouse, some requiring as much as sixty hours of repair work and repeated repairs for water intrusion from 2011 through 2013 demonstrate that a reasonable person of common knowledge and experience would be on notice that a claim existed more than three years prior to May 12, 2017, when the case was filed. (Dkt. No. 1.)

Plaintiff has also not identified any evidence showing that Defendants Choate or CCC conducted repairs or otherwise prevented Plaintiff's from filing suit at any time after 2011. Further, while Plaintiff's motion focuses on issues only discovered with destructive testing, such as the lack of a weep screed, and attempts to distinguish the 2011 through 2013 repairs as more routine issues such as "fixing cracked tiles" and using "waterproofing materials," Plaintiff's causes of action are based on multiple issues that it is undisputed it knew of between 2011 and 2013, such as a failure to install water resistant barriers and improper installation of parapets and stucco. (*See, e.g.,* Dkt. No. 34 at ¶¶ 25(d), (e), (f), (i); 36 (e), (f), (h), (k).) Therefore, Plaintiff's claims regarding the community clubhouse remain barred by the applicable three year statute of limitations.

---

[2] Defendant CCC's initial motion for summary judgment identified these invoices as relating to the "social clubhouse." (Dkt. No. 1381- at 10 – 11.) The Court has called this structure the "community clubhouse," though the Parties have used the terms interchangeably. (*See* Dkt. Nos. 138, 145.) In their Answer to Defendant Choate's Third-Party Complaint, Southern Roof explained that the community clubhouse is also called the social clubhouse. (Dkt. No. 61 at ¶ 124.)

5

This holding is supported by the cases cited by Plaintiff. In *Centex Homes v. S.C. State Plastering, LLC*, No. 4:08-CV-2495-TLW, 2010 WL 2998519 (D.S.C. July 28, 2010), the plaintiff initially found water damage in 2002, and defendants participated in extensive repairs to address the damage. The Court therefore found that the there was a dispute regarding whether the statute of limitations began to run in 2002. *Id.* at *5 – 6. However, notably, when the plaintiff discovered new water damage in 2006 it filed suit by 2008, within the statute of limitations. *Id.* at *2. So too here, after Plaintiff indicated it knew in 2009 it had a cause of action based on the community clubhouse, it was required to file suit within three years after seeing the issues reoccur in 2011, 2012 and 2013. Indeed, many of these issues from 2011, 2012 and 2013 are independent claims in Plaintiff's Amended Complaint. The same is true in *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co.*, LLC, 425 S.C. 268, 275, 821 S.E.2d 504, 508 (Ct. App. 2018), *reh'g denied* (Dec. 13, 2018). In *Stoneledge*, once rain returned in 2008 and 2009 and water intrusion reoccurred, the Plaintiff filed suit by February 2010, within the statutory period. Notably, in *Stoneledge*, while the ultimate cause of the water intrusion were latent defects, the Court ruled that the discovery rule applied once "there was sufficient precipitation to put the homeowners on notice." *Id.* at 275. So too here, once Plaintiff was aware of the recurrent water intrusion and damage in 2011, 2012 and 2013, it had discovered its community clubhouse causes of action under *Centex* and *Stoneledge*.[3]

Plaintiff's motion and evidence focuses on Defendant Choate. Nonetheless, for the same reasons as above, the undisputed evidence demonstrates that Plaintiff was aware of his causes of

---

[3] Plaintiff's newly identified case, *Allwin v. Russ Cooper Assocs., Inc.*, No. 2016-000471, 2019 WL 208925, at *11 (S.C. Ct. App. Jan. 16, 2019), similarly supports this result, and held that the plaintiff was on notice of her claims as early as 1999 when she first reported leaks and engaged experts to repair the property, and at the latest in March 2009 when she retained counsel. Under either analysis, Plaintiff here was aware of repeated repairs and water intrusion in 2011, 2012 and 2013, and had worked with an in-house attorney to send a letter in both 2009 and 2012.

action against Defendant CCC more than three years prior to filing suit. Further, equitable estoppel is similarly not warranted, as there is no dispute in the record that Defendants CCC and Choate took no action after the repairs in 2011, 2012 and 2013 to induce Plaintiff to delay filing suit.

Finally, Plaintiff requests discovery regarding actions taken in 2009 to address the leaks. However, as explained above, the statute of limitations expired based on undisputed knowledge from 2011, 2012 and 2013 regarding the alleged deficiencies detailed in its Amended Complaint. Therefore, the request for discovery does not affect the Court's ruling on the motion.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Hampton Hall, LLC's motion for alter or amend (Dkt. No. 195).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

April 2, 2019
Charleston, South Carolina